IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANK DAUGHTERY											PETITIONER

VS.									CIVIL ACTION NO.	2:17-cv-193-KS-FKB

STATE OF MISSISSIPPI										RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [11], to which Petitioner Frank Daughtery has failed to respond. Respondent argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because it is untimely, or, alternatively, because Daughtery has failed to exhaust state court remedies, and federal review of his claims is now barred. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this case be dismissed.

In this action, Daughtery challenges his plea and sentences imposed by the Circuit Court of Walthall County for two counts of unlawful touching of a child. Petitioner originally pleaded guilty and was sentenced by the court on August 17, 2009 to a term of fifteen (15) years with five (5) years suspended on Count I, to run consecutively to a term of fifteen (15) years imposed on Count II, to be served in the custody of the Mississippi Department of Corrections.

The State asserts that by statute, there is no direct appeal from a guilty plea, *see* Miss. Code Ann. § 99-35-101, and that state court records indicate that no post-conviction motions have been filed by Petitioner. The State argues that the petition should be dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d). The State further submits that this Court's review of

Daughtery's claims is barred by *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).

Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;   or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Daughtery's conviction became final on August 17, 2009, the date of his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).   There is no evidence that he made a "properly filed" application for State post-conviction or other collateral review under § 2244(d)(2).   Accordingly, Daughtery's petition for a writ of habeas corpus was due in this Court

by August 17, 2010. Instead, he filed[1] his petition on November 15, 2017, over seven (7) years after the August 17, 2010, deadline. Accordingly, because Daughtery's petition is untimely under 28 U.S.C. § 2244, the petition must be dismissed.

Furthermore, no state post-conviction relief would now be available to Daughtery because the three-year limitations period for state post-conviction relief has run. *See* Miss. Code Ann. § 99-39-5(2). Thus, Petitioner has technically exhausted his state court remedies on these claims, *see Sones*, 61 F.3d at 415, and his claims would now be procedurally barred in state court. A federal court may not review the merits of a procedurally-barred claim, absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice. *Id.* Petitioner has made no such showing. Thus, Petitioner's claims are not subject to review by this Court, and this case must be dismissed with prejudice.

Accordingly, based on the foregoing analysis, the Court finds that Respondent's Motion to Dismiss [11] should be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services*

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 (E.D. La. July 29, 1999)(unpublished).

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED, this the 14th day of January, 2019.

              /s/ F. Keith Ball
              UNITED STATES MAGISTRATE JUDGE